UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Earl Perry,<br><br>                         Plaintiffs,<br><br>   -v.-<br><br>Amsher Collection Services Inc.<br><br>                         Defendant. | Civil Action No: _____<br><br>**COMPLAINT** |

Plaintiff Earl Perry (hereinafter, "Plaintiff"), an Alabama resident, brings this Complaint by and through his attorneys, against Defendant Amsher Collection Services Inc. (hereinafter "Defendant") based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.   Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.   Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After

determining that the existing consumer protection laws were inadequate. Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of Alabama, County of Jefferson, residing at 1581 Mountain Lodge Trail, Irondale, AL 35210.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 4524 Southlake Parkway, Suite 15, Hoover, AL 35244.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to December 9, 2019, an obligation was allegedly incurred to American Family Care, Inc.

12. The American Family Care, Inc. obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically medical services.

13. The alleged American Family Care, Inc. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

14. American Family Care, Inc. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

15. American Family Care, Inc. contracted with Defendant, a debt collector, who is attempting to collect the alleged debt.

16. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation*

17. At some point prior to December 9, 2019 Defendant sent the Plaintiff and initial contact letter (the "Letter") regarding the alleged debt.

18. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing -

　　(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

19. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

20. In response to this initial communication letter, Plaintiff asserted his "g-notice" rights, and requested validation in writing.

21. In response to the dispute, Defendant sent a response (hereto attached as Exhibit A) substantiating the debt, however the response was deceptive and misleading in its representation of the debt.

22. Defendant's response showed that the Plaintiff does not actually owe any money by stating clearly in the letter that the Plaintiff owes $0.00 and stating to Plaintiff that there is "$0.00 currently in your responsibility."

23. The letter is deceptive and misleading by implying that the debt has been verified and that the collection will continue when the letter clearly states that money is owed.

24. If the collection letter is true and accurate, Defendant should cease all collection because Plaintiff simply does not owe anything to Defendant.

25. Plaintiff could not accurately validate his disputed debt because the letter was misleading and decpetive as a response to his validation request.

26. Defendants falsely and misleadingly attempted to validate Plaintiff's dispute with incorrect information and never properly validated Plaintiff's dispute.

27. Defendants were required to cease collection until the Plaintiff was provided with proper validation of the alleged debt.

28. Defendant failed to honor the validation request and continued collection efforts.

29. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

31. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

32. Pursuant to 15 U.S.C. §1692g(b), If a consumer notifies the debt collector in writing, within the thirty day validation period, a debt collector shall cease collection of the debt until the debt collector obtains verification of the debt.

33. The Defendant violated said section by continuing collection activities after Plaintiff had previously asserted his "g notice" rights, and requested validation from the Defendant.

34. Defendant was required to cease collection until the Plaintiff was provided with validation of the alleged debt.

35. Defendant failed to cease collection efforts and continued collections.

36. Defendant failed to provide the Plaintiff with a proper form of validation prior to continuing to collect the debt.

37. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e** *et seq.*

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

40. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. Defendant violated §1692e:

   a. By making a false and misleading representation in the collection of a debt violation of §1692e(10).

   b. By making a threat to take an action that cannot legally be taken or that is not intended to be taken in violation of §1692e(5).

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

45. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

46. Defendant violated this section by

   a. unfairly advising Plaintiff that she owed Defendant more money than the amount of her debt; and

   b. attempting to collect an amount not expressly authorized by the underlying agreement creating the debt or permitted by law in violation of § 1692f(1).

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Earl Perry, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

1. Awarding Plaintiff statutory damages;

2. Awarding Plaintiff actual damages;

3. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

4. Awarding pre-judgment interest and post-judgment interest; and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: October 30, 2020                                         Respectfully Submitted,

*/s/ David I. Schoen*
By:  David I. Schoen, Esq.,
Alabama Bar No. 0860-O42D

2800 Zelda Road, Suite 100-6
Montgomery, AL, 36106
Phone: 334-395-6611
Fax: 917-591-7586
Email: Schoenlawfirm@gmail.com
*Attorneys for Plaintiff*


Raphael Deutsch, Esq.
**Stein Saks, PLLC**
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
Email: rdeutsch@steinsakslegal.com
*Attorneys For Plaintiff*

PRO HAC VICE APPLICATION
TO BE FILED